```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at FRANKFORT
```

| | | |
|---|---|---|
| SAMUEL MCCULLUM, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. |
| | ) | 3:20-cv-38-JMH |
| v. | ) | |
| | ) | |
| RODNEY BALLARD, ET AL., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondents. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Samuel McCullum is an inmate at the Telfair State Prison in Helena, Georgia. Proceeding without an attorney, McCullum filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [DE 1]. That petition is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

As an initial matter, McCullum's petition is very difficult to follow. That said, as best as the Court can tell from McCullum's petition and attachment, he has been convicted of multiple state crimes. Indeed, in 2003, a jury convicted McCullum of being a felon in possession of a firearm, and he was sentenced to ten years in prison for that offense; the Supreme Court of Kentucky later affirmed that conviction and sentence. *See McCullum v. Ballard*, No. 2018-CA-1009-MR, 2019 WL 1311088, at \*1 (Ky. Ct. App. 2019). Then, in 2013, McCullum entered an *Alford* plea to other charges,

including but not limited to unlawful imprisonment, and he was sentenced to a total of ten more years in prison. *See id.* at *2.

Eventually, in 2016, while McCullum was incarcerated and serving time on his second Kentucky sentence, he asked the Kentucky Department of Corrections (KDOC) to review the way his sentence was being calculated. *See id.* Apparently, McCullum did not believe he was receiving enough credit for time he had previously spent in custody. *See id.* Although McCullum did not receive a substantive response to his requests, he was released from confinement in Kentucky in early 2017 and was placed in the custody of Georgia officials pursuant to a detainer that state had issued. *See id.*

While McCullum was no longer in the custody of the KDOC, he still filed a petition in Kentucky's Franklin Circuit Court "for a declaration of rights concerning Kentucky DOC's calculation of pre-conviction custody credit for his [second Kentucky] sentence." *Id.* However, the Franklin Circuit Court denied McCullum's petition, the Kentucky Court of Appeals affirmed that decision, and the Supreme Court of Kentucky denied McCullum discretionary review. *See id.* at *2-7.

McCullum has now filed a § 2241 petition with this Court, and it appears that he is trying to collaterally challenge the decision reached by the Kentucky state courts regarding his state sentence-calculation claims. In order to obtain relief under § 2241, however, McCullum must demonstrate that he is in custody in

2

violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3). Moreover, the United States Supreme Court has recognized that a § 2241 petition should generally be filed in the district of confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

Here, the Court has fully reviewed McCullum's § 2241 petition, and he has not established that he is entitled to relief from this Court. For starters, McCullum has not demonstrated, in any clear way, that he was or is in custody in violation of the Constitution or laws of the United States. After all, McCullum's petition is very difficult to follow, and he does not adequately explain how his sentence was erroneously calculated. More importantly, as the Kentucky Court of Appeals emphasized in its decision, "both Kentucky sentences were discharged before McCullum initiated his action," meaning that McCullum has not been confined in Kentucky since 2017. *See McCullum*, 2019 WL 1311088, at *5. Indeed, as McCullum confirms in his present petition, he is currently incarcerated in a Georgia state prison. Since McCullum is not even confined in this state, let alone this judicial district, he is not eligible for habeas relief from this Court.

Accordingly, it is **ORDERED** that:

(1) McCullum's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [DE 1] is **DENIED**.

(2) This action is **STRICKEN** from the Court's docket.

3

(3) The Court will enter a corresponding Judgment.

This 20th day of May, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

4